UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 173.63.11.57,<br><br>Defendant. | Civil Action No. 16-921 (MAS)<br><br>MEMORANDUM OPNION AND ORDER |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court on Plaintiff Malibu Media, LLC's ("Plaintiff") Motion to File a Subpoena Prior to the Rule 26(f) Conference. [Docket Entry No. 4]. Plaintiff wishes to serve a third-party subpoena on the John Doe Defendant's ("Defendant") Internet Service Provider, to obtain the true name and address of the Defendant assigned the IP address listed in the complaint. [Id., s*ee also* Docket Entry No. 1, *Pltf's. Cmplt.*]. Plaintiff's motion is unopposed as the Defendant has not answered the Plaintiff's complaint, nor responded to the motion. The Court has fully considered all papers submitted in support of Plaintiff's motion and considers the same without oral argument pursuant to Fed. R. Civ. P. ("Rule") 78. For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

Rule 26(d)(1) governs the timing of discovery and provides: "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court however, may grant leave to conduct discovery prior to a rule 26(f) conference for "good cause". *Malibu Media v. John Doe*, Case No. 3:14-cv-03864-MAS-DEA, at *6 (D.N.J. Sept 8,

1

2014). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* citing *Am. Legalnet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009); accord *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).

Plaintiff argues that the "good cause" exists because (1) the Plaintiff has made a prima facie showing of copyright infringement, (2) the Plaintiff submitted a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) Defendants have a minimal expectation of privacy. [Docket Entry No. 4-4, at p. 5-6]. In weighing the aforementioned, the Court recognizes the Plaintiff, as the owner of the copyrighted works in question, has a strong interest in protecting its copyrights and correspondingly has a strong interest in ascertaining the identity alleged infringers. The Court also finds the Defendant would not be prejudiced as he/she has already voluntarily conveyed their subscriber information – including their name and address - to their internet service provider, and therefore has only a minimal expectation of privacy. See *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 257 (N.D. Ill. 2011; *Achte/Neunte*, 736 F. Supp. 2d 212, 216) (finding disclosure of personal information to ISP negates privacy interests); accord *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 339-40 (D.D.C. 2011). Therefore, on balance the Court finds the Plaintiff's strong interest in protecting their copyrights outweighs the Defendants negligible prejudice. Thus, for the foregoing reasons and for good cause shown,

IT IS on this ___14___ day of April, 2016,

ORDERED that Plaintiff's Motion for Discovery to Serve Third Party Subpoenas Prior to Rule26(f) Conference is GRANTED and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 4] accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**